**TOBERMAN GRAIN COMPANY,**
a Corporation,

v.

**Eugene C. COYLE, District Director
of Internal Revenue.**

No. 70 C 564 (1).

United States District Court,
E. D. Missouri, E. D.

April 23, 1971.

Richard D. FitzGibbon, Lowenhaupt,
Chasnoff, Freeman & Holland, St. Louis,
Mo., for plaintiff.

Daniel Bartlett, Jr., U. S. Atty., Harold E. Zahner, Asst. U. S. Atty., St. Louis, Mo., Paul R. Wallace, Trial Atty., Dept. of Justice, Washington, D. C., for defendant.

MEMORANDUM

MEREDITH, Chief Judge.

This matter is before the Court on defendant's motion to dismiss for lack of jurisdiction. The grounds asserted by defendant in support of this motion are: (a) the plaintiff's action is one for a declaratory judgment, which is specifically barred by 28 U.S.C. § 2201; (b) the suit in question is against the United States and the United States has not waived its sovereign immunity; and (c) the action is, in fact, one to restrain the assessment and collection of a Federal tax, which action is specifically barred by 26 U.S.C. § 7421. Plaintiff argues that the suit is one for injunction, not a declaratory judgment.

Plaintiff commenced this action against the District Director of Internal Revenue to have an injunction issued against the defendant from asserting or assessing any tax liabilities against plaintiff for the years 1942 through 1961. Plaintiff also asks that this Court hear and determine that plaintiff owes no income or other taxes for those years. Plaintiff alleges, but does not ask the Court in the complaint to determine, that the United States Tax Court, wherein plaintiff has filed a protest for the tax years in question, is an unconstitutional body as organized under the Tax Reform Act of 1969.

The plaintiff has requested the Court to determine that he owes no income or other taxes for the years 1942 through 1961. This prayer is in effect a petition for a declaratory judgment as to a Federal tax matter, which action is specifically prohibited by 28 U.S.C. § 2201.

The express provisions of that section provide:

"In a case of actual controversy within its jurisdiction, except with re-

spect to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested parties seeking such declaration, whether or not further relief is or could be sought. * * *" This Court finds that the plaintiff's action is one for a declaratory judgment as to Federal taxes. Therefore, it is specifically prohibited by the above statute. Singleton v. Mathis, 284 F.2d 616 (8th Cir. 1960).

Moreover, 26 U.S.C. § 7421 provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court * * *" Under the above statutes, it is clear that this Court lacks jurisdiction in this suit. Defendant's motion to dismiss will be granted.